IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| AZURITY PHARMACEUTICALS, INC., ARBOR PHARMACEUTICALS, LLC, and TAKEDA PHARMACEUTICAL COMPANY LIMITED,<br><br>　　　　　Plaintiffs,<br><br>　　v.<br><br>AUROBINDO PHARMA LTD.,<br><br>　　　　　Defendant. | C.A. No. |

**COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiffs Azurity Pharmaceuticals, Inc., Arbor Pharmaceuticals, LLC (collectively, "Azurity"), and Takeda Pharmaceutical Company Limited ("Takeda") (collectively with Azurity, "Plaintiffs"), by and through their attorneys, bring this Complaint for Patent Infringement against Defendant Aurobindo Pharma Ltd. ("Defendant"), and allege as follows:

**THE PARTIES**

1. Azurity Pharmaceuticals, Inc. is a corporation organized and existing under the laws of the State of Delaware, having a principal place of business at 8 Cabot Road, Suite 2000, Woburn, Massachusetts 01801.

2. Arbor Pharmaceuticals, LLC is a limited liability company organized and existing under the laws of the State of Delaware, having a principal place of business at 6 Concourse Parkway, Suite 1800, Atlanta, Georgia 30328.

3. Takeda is a corporation organized and existing under the laws of Japan, having a principal place of business at 1-1, Doshomachi 4-chome, Chuo-ku, Osaka, Japan.

4. On information and belief, Defendant is a corporation organized and existing under the laws of India, having a registered office at Plot No. 2, Maitrivihar, Ameerpet,

Hyderabad - 500038, Telangana, India, and a corporate office at Galaxy, Floors: 22-24, Plot No. 1, Survey No. 83/1, Hyderabad Knowledge City, Raidurg Panmaktha, Ranga Reddy District, Hyderabad – 500032, Telangana, India.

5.     On information and belief, Defendant is in the business of, among other things, developing, manufacturing, marketing, importing, and selling generic copies of branded pharmaceutical products for the United States market.  As part of this business, on information and belief, Defendant files Abbreviated New Drug Applications ("ANDAs") with the United States Food and Drug Administration ("FDA") seeking approval to engage in the commercial manufacture, use, offer for sale, sale, and/or importation of generic versions of drug products that are covered by United States patents in the United States, including in this Judicial District.  On information and belief, as part of these ANDAs, Defendant files certifications of the type described in Section 505(j)(2)(A)(vii)(IV) of the Federal Food, Drug, and Cosmetic Act ("Paragraph IV Certifications") to engage in the commercial manufacture, use, offer for sale, sale, and/or importation of generic drug products prior to the expiration of United States patents that cover such products.

## NATURE OF THE ACTION

6.     This is a civil action for infringement of United States Patent Nos. 9,066,936 ("the '936 Patent" or the "Patent-in-Suit").  This action arises under the Patent Laws of the United States, 35 U.S.C. §§ 100 et seq.

## JURISDICTION AND VENUE

7.     This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

8.      This Court has personal jurisdiction over Defendant at least because Defendant has purposefully availed itself of the benefits and protections of Delaware's laws such that it should reasonably anticipate being haled into court here.  On information and belief, Defendant intends to market, sell, and/or distribute generic pharmaceutical drug products within this State and to residents of this State, including the generic drug products that are the subject of ANDA No. 220957.  The marketing, sale, and/or distribution of the generic drug products that are the subject of ANDA No. 220957 will lead to foreseeable harm and injury to Plaintiffs in this State.  This Court has personal jurisdiction over Defendant for the additional reasons set forth below and for other reasons that will be presented to the Court if jurisdiction is challenged.

9.      This Court also has personal jurisdiction over Defendant by virtue of, *inter alia*, the fact that it has committed, aided, abetted, contributed to, and/or participated in the commission of a tortious act of patent infringement that has led to and/or will lead to foreseeable harm and injury to Plaintiffs, including Azurity Pharmaceuticals, Inc. and Arbor Pharmaceuticals, LLC, both Delaware entities.

10.     This Court further has personal jurisdiction over Defendant because it has purposefully availed itself of the rights and benefits of this Court by asserting claims and/or counterclaims in Delaware in previous suits and consenting to, or at least not challenging, personal jurisdiction.  *E.g.*, *SK Biopharmaceuticals Co., Ltd. et al. v. Aurobindo Pharma Ltd. et al.*, C.A. No. 24-718-JLH-CJB, D.I. 14 (D. Del. Aug. 16, 2024) (consenting to personal jurisdiction in this Court and asserting counterclaims for declaratory judgment of non-infringement and invalidity); *AbbVie Inc. v. Hetero USA, Inc. et al.*, C.A. No. 23-1332-MN, D.I. 258 (D. Del. June 16, 2025) (declining to contest personal jurisdiction and asserting counterclaims for declaratory judgment of non-infringement and invalidity).

11. Alternatively, should the Court find that the above facts do not establish personal jurisdiction over Defendant in this action, this Court may exercise jurisdiction over Defendant pursuant to Federal Rule of Civil Procedure 4(k)(2) because (a) Plaintiffs' claims arise under federal law; (b) Defendant is a foreign defendant not subject to personal jurisdiction in the courts of any state; and (c) Defendant has sufficient contacts with the United States as a whole, including, but not limited to, submitting ANDA No. 220957 to FDA with the intent to develop, manufacture, market, sell, distribute, and/or import the products that are the subject of ANDA No. 220957 throughout the United States, such that this Court's exercise of jurisdiction over Defendant satisfies due process.

12. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391 and 1400.

## PATENT-IN-SUIT

13. The '936 Patent, entitled "Solid Pharmaceutical Composition Comprising a Benzimidazole-7-Carboxylate Derivative and a pH Control Agent," was duly and legally issued on June 30, 2015. A true and correct copy of the '936 Patent is attached to this Complaint as Exhibit A.

14. Takeda owns the '936 Patent.

15. Azurity holds an exclusive license to the '936 Patent in the United States.

## ACTS GIVING RISE TO THIS ACTION

16. Azurity owns New Drug Application ("NDA") No. 200796 for oral tablets containing azilsartan kamedoxomil in an amount equivalent to 40 mg azilsartan medoxomil and for oral tablets containing azilsartan kamedoxomil in an amount equivalent to 80 mg azilsartan medoxomil as the active ingredients. Azurity markets and sells these oral tablets in the United States under the brand name EDARBI®.

17. Pursuant to 21 U.S.C. § 355, the Patent-in-Suit is listed in the FDA's Approved Drug Products with Therapeutic Equivalence Evaluations as covering EDARBI® or its use.

18. On information and belief, Defendant submitted ANDA No. 220957 to FDA under 21 U.S.C. § 355(j). On information and belief, Defendant's ANDA No. 220957 seeks FDA approval to engage in the commercial manufacture, use, sale, or offer for sale within the United States, or importation into the United States, of oral tablets containing 40 mg azilsartan medoxomil and for oral tablets containing 80 mg azilsartan medoxomil ("the ANDA Products") prior to the expiration of the Patent-in-Suit.

19. On information and belief, by filing ANDA No. 220957, Defendant certified to FDA that the ANDA Products have the same active ingredients as EDARBI® and the same or substantially the same proposed labeling as EDARBI®.

20. On information and belief, pursuant to 21 U.S.C. § 355(j)(2)(A)(vii)(IV), Defendant certified in ANDA No. 220957 that the claims of the Patent-in-Suit are invalid, unenforceable, or would not be infringed by the commercial manufacture, use, sale, or offer for sale of the ANDA Products.

21. Plaintiffs received written notification of ANDA No. 220957 and its accompanying Section 505(j)(2)(A)(vii)(IV) certifications by letter dated October 31, 2025 ("Defendant's Notice Letter").

22. Defendant's Notice Letter contained an offer of confidential access ("Offer") to "certain information" (without specifying what information) in ANDA No. 220957. Defendant required that Plaintiffs accept the Offer before receiving access to any portion of ANDA No. 220957.

23. The Offer does not meet the requirements of 21 U.S.C. § 355(j)(5)(C)(i)(III). For example, the Offer required that any outside counsel that accessed the unspecified ANDA information never "engage[,] . . . formally or informally, in . . . any [FDA] counseling, litigation, or other work before or involving [the] FDA" for all time and with respect to any subject matter. Such unreasonable bars on FDA work as conditions of access to confidential information are routinely rejected by Courts. *E.g.*, *Avion Pharms., LLC v. Granules Pharms., Inc.*, C.A. No. 20-898-LPS, 2021 WL 1785580, at *3 (D. Del. May 5, 2021) (explaining "[b]ecause there is little risk of 'inadvertent' disclosure of confidential materials to the FDA, requests for regulatory bars are routinely denied in this district").

24. On information and belief, Defendant intends to engage in commercial manufacture, use, offer for sale, and/or sale of the ANDA Products promptly upon receiving FDA approval of ANDA No. 220957 and prior to the expiration of the Patent-in-Suit.

25. By filing ANDA No. 220957, Defendant has necessarily represented to FDA that the ANDA Products have the same active ingredient as EDARBI®; has the same route of administration, dosage form, use, and strength as EDARBI®; and is bioequivalent to EDARBI®.

26. This action was commenced within 45 days of Plaintiffs receiving Defendant's Notice Letter.

## CLAIMS FOR RELIEF

### Count I — Infringement by Defendant of U.S. Patent No. 9,066,936

27. Plaintiffs reallege each of the preceding paragraphs as if fully set forth herein.

28. Defendant's submission of ANDA No. 220957 to FDA, including its Section 505(j)(2)(A)(vii)(IV) certification, constituted infringement of the '936 Patent under 35 U.S.C. § 271(e)(2)(A).

29. On information and belief, the commercial manufacture, use, offer for sale, sale, or import of the ANDA Products—if approved by FDA, prior to the expiration of the '936 Patent, and for use in accordance with its proposed labeling—would constitute acts of infringement of the '936 Patent, either literally or under the doctrine of equivalents, under 35 U.S.C. § 271(a)-(c) unless enjoined by the Court.

30. On information and belief, Defendant had actual and constructive knowledge of the '936 Patent prior to submitting ANDA No. 220957 and was aware that submission of the ANDA to FDA constituted an act of infringement of the '936 Patent.

31. On information and belief, Defendant had specific intent to infringe the '936 Patent when it filed ANDA No. 220957.

32. There are no substantial non-infringing uses for the ANDA Products other than as the pharmaceutical and the methods claimed in the '936 Patent.

33. Plaintiffs are entitled to relief provided by 35 U.S.C. § 271(e)(4), including an order of this Court that the effective date of approval of ANDA No. 220957 be a date that is not earlier than the expiration of the '936 Patent, or any later expiration of any extensions or exclusivities to which Plaintiffs are or become entitled.

34. Plaintiffs will be irreparably harmed by Defendant's infringing activities unless those activities are enjoined by this Court. Plaintiffs do not have an adequate remedy at law.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs pray for judgment that:

A. Defendant has infringed one or more claims of the Patent-in-Suit either literally or under the doctrine of equivalents;

B.     Pursuant to 35 U.S.C. § 271(e)(4)(A), the effective date of any FDA approval of ANDA No. 220957 will not be earlier than the expiration date of the Patent-in-Suit, or any later expiration of any extensions or exclusivities to which Plaintiffs are or become entitled;

C.     Pursuant to 35 U.S.C. § 271(e)(4)(B), Defendant, its directors, officers, agents, attorneys, affiliates, divisions, successors and employees, and those acting in privity or concert with them, be preliminarily and permanently enjoined from commercially manufacturing, using, offering to sell, selling, marketing, distributing, or importing the ANDA Products and any other product that infringes or induces or contributes to the infringement of one or more of the Patent-in-Suit, prior to the expiration of the Patent-in-Suit, including any extensions or exclusivities to which Plaintiffs are or become entitled;

D.     Pursuant to 35 U.S.C. § 271(e)(4)(C), Plaintiffs be awarded monetary relief to the extent Defendant commercially manufactures, uses, offers for sale, or sells within the United States, or imports into the United States, any product that infringes or induces or contributes to the infringement of the Patent-in-Suit within the United States prior to the expiration of the Patent-in-Suit, including any later expiration of extensions or exclusivities to which Plaintiffs are or become entitled, and that any such monetary relief be awarded to Plaintiffs with prejudgment interest;

E.     A finding that the Patent-in-Suit is valid and enforceable;

F.     A finding that this is an exceptional case under 35 U.S.C. § 285, and Plaintiffs be awarded the attorneys' fees, costs, and expenses that they incur in litigating this action; and

G. Plaintiffs be awarded such other and further relief as this Court deems just and proper.

|  |  |
|---|---|
|  | Respectfully submitted, |
|  | POTTER ANDERSON & CORROON LLP |
| OF COUNSEL: | By: */s/ David E. Moore* |
|  | David E. Moore (#3983) |
| Wendy L. Devine | Bindu A. Palapura (#5370) |
| Kristina M. Hanson | Chamyra L. Upshur (#7344) |
| WILSON SONSINI GOODRICH & ROSATI P.C. | Hercules Plaza, 6th Floor |
| One Market Plaza | 1313 N. Market Street |
| Spear Tower, Suite 3300 | Wilmington, DE 19801 |
| San Francisco, CA 94105 | Tel: (302) 984-6000 |
| Tel: (415) 947-2000 | dmoore@potteranderson.com |
|  | bpalapura@potteranderson.com |
| Natalie J. Morgan | cupshur@potteranderson.com |
| Emily M. Shingle |  |
| WILSON SONSINI GOODRICH & ROSATI P.C. | *Attorneys for Plaintiffs Azurity* |
| 2235 El Camino Real | *Pharmaceuticals, Inc., Arbor* |
| San Diego, CA 92130 | *Pharmaceuticals, LLC, and Takeda* |
| Tel: (858) 350-2300 | *Pharmaceutical Company Limited* |

Sean Anderson
WILSON SONSINI GOODRICH & ROSATI
1900 Avenue of the Stars
28th Floor
Los Angeles, CA 90067
Tel: (424) 446-6900

Nicholas Halkowski
WILSON SONSINI GOODRICH & ROSATI P.C.
1700 K Street NW
Fifth Floor
Washington, DC 20006
Tel: (202) 973-8800

Mark A. Hayden
WILSON SONSINI GOODRICH & ROSATI P.C.
31 West 52nd Street
Fifth Floor
New York, NY 10019
Tel: (212) 999-5800

*Attorneys for Plaintiffs Azurity*
*Pharmaceuticals, Inc. and Arbor*
*Pharmaceuticals, LLC*

William F. Cavanaugh, Jr.
Zhiqiang Liu
Basil Williams
PATTERSON BELKNAP WEBB & TYLER LLP
1133 Avenue of the Americas
New York, NY 10036
Tel:  (212) 336-2000

*Attorneys for Plaintiff Takeda Pharmaceutical Company Limited*

Dated: December 15, 2025
12600474 / 24105.00007